IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZANE HOUFF,

    **Plaintiff,**

v.

                        Civil Action No. 3:24cv63

TIFFIN MOTORHOMES, INC.,

    **and**

GENERAL R.V. CENTER, INC.,

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on two motions: (1) Defendant Tiffin Motorhomes, Inc. ("Tiffin") and General R.V. Center, Inc.'s ("General RV") (collectively, the "Defendants") Motion to Dismiss or, in the Alternative, Motion to Transfer (the "Motion" or "Motion to Transfer"), (ECF No. 5)[1]; and, (2) Plaintiff Zane Houff's Motion for a Hearing on Defendants' Motion to Dismiss, or in the Alternative, Motion to Transfer (the "Motion for Hearing"), (ECF No. 9). Mr. Houff responded to the Motion, (ECF No. 8), and the Defendants replied, (ECF No. 10). In the Motion for Hearing, Mr. Houff also requested "an opportunity to be heard on his arguments against the dismissal or transfer of this case." (ECF No. 9.)

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

aid in the decisional process. The Court will deny Mr. Houff's Motion for Hearing. (ECF No. 9.)

For the reasons articulated below, the Court will grant the Motion to Transfer. (ECF No. 5.) The Court will transfer the case in its entirety to the United States District Court for the Eastern District of Michigan, Southern Division.

## I. Factual and Procedural Background

### A.  Factual Background[2]

Mr. Houff brings this action against Tiffin Motorhomes, Inc. and General R.V. Center, Inc. In his Complaint, Mr. Houff asserts that on July 31, 2023, he bought a 2023 Allegro Motor Home (the "RV"), VIN 4UZACGFC3PCUJ6442, from General RV in Hanover County, Virginia. (ECF No. 1-1 ¶¶ 1–2.) Tiffin manufactured the RV. (ECF No. 1-1 ¶ 3.) During the sales presentation, General RV "represented [the RV] as free of defects." (ECF No. 1-1 ¶ 6.)

Soon after Mr. Houff took possession of the RV in July 2023, he experienced issues with the Spyder touch panel built into an interior wall of the RV that controls "most of the electrical functions of the RV." (ECF No. 1-1 ¶ 6.) Mr. Houff reported this issue to General RV and left the RV with General RV for repairs. (ECF No. 1-1 ¶ 6.) In August 2023, Mr. Houff received the RV back. (ECF No. 1-1 ¶ 7.) General RV claimed it had repaired the RV. (ECF No. 1-1 ¶ 7.)

Mr. Houff immediately experienced the same electrical issues with the RV and again left the RV with General RV for repairs. (ECF No. 1-1 ¶¶ 8–9.) General RV notified Tiffin of the

---

[2] In considering a motion to dismiss, the Court assumes the well-pleaded factual allegations in the Amended Complaint to be true and views them in the light most favorable to the Plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

2

electrical issues and, in late September, General RV informed Mr. Houff that it would take an additional five weeks to conduct repairs. (ECF No. 1-1 ¶¶ 10–11.) Mr. Houff retained counsel and demanded repair of the RV within thirty days. (ECF No. 1-1 ¶ 11.) General RV told Mr. Houff that it was unable to provide Mr. Houff with an updated estimate repair date. (ECF No. 1-1 ¶ 12.)

On November 10, 2023, three months after Mr. Houff dropped off the RV, General RV informed Mr. Houff that it had repaired the RV. (ECF No. 1-1 ¶ 13.) On November 17, 2023, Mr. Houff picked up the RV. (ECF No. 1-1 ¶ 13.) From November 23 to 26, 2023, Mr. Houff experienced electrical issues for a third time, and experienced difficulties trying to operate the Aquahot furnace, ice maker, and shower. (ECF No. 1-1 ¶ 13.)

Since purchasing the RV on July 31, 2023, Mr. Houff has only been able to use it during three weekends. For the majority of the remaining time, the RV has been with General RV awaiting or undergoing repairs. (ECF No. 1-1 ¶ 17.) Moreover, the issues relating to the RV's furnace render the RV unusable during the winter months. (ECF No. 1-1 ¶ 17.)

Mr. Houff purchased a limited warranty that Tiffin advertises on its website. Tiffin supplied Mr. Houff with the warranty as part of the purchase. (ECF No. 1-1 ¶ 19.) Mr. Houff asserts that "[t]he numerous defects . . . are covered by the warranty." (ECF No. 1-1 ¶ 20.)

### B. Procedural Background

In his Complaint, Mr. Houff asserts three counts: (1) breach of contract (Count I); (2) violation of the Magnusson Moss Warranty Act[3] (Count II); and, (3) violation of the Virginia

---

[3] The Magnusson Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

Consumer Protection Act[4] (Count III). (ECF No. 1-1, at 6–8.)[5] Mr. Houff originally filed the Complaint in Virginia state court, but on January 30, 2024, Defendants removed the case to this federal court. (ECF No. 1-1, at 10.)

On February 6, 2024, Defendants filed the instant Motion to Dismiss or in the Alternative, Motion to Transfer. (ECF No. 5.) Defendants rest their motion on the choice of law and forum-selection clause in the RV purchase agreement, stating that Michigan law governs and that Mr. Houff must file any lawsuit in Oakland County, Michigan. (ECF No. 6, at 2.) In support of their Motion, Defendants quote the language in the clause,[6] which reads:

> Should any dispute arise out of, or relate to, this Agreement, the RV sold pursuant to this Agreement, and/or service work on the RV, those disputes shall be governed by the substantive laws of the state of Michigan, without regard to conflict of law rules. In addition, the parties agree that courts having jurisdiction over Oakland County, Michigan have exclusive jurisdiction for deciding any disputes between them about this Agreement or anything having to do with the RV. This means that if Purchaser files a claim against Dealer regarding anything with the RV, Michigan law will control that claim and it must be filed in Michigan.

(ECF No. 6, at 3 (citing ECF No. 5-1, at 2).) Although Tiffin was not a party to the sale transaction or the purchase agreement, Tiffin consents to transfer of the entire matter to Michigan. (ECF No. 6, at 4.)

---

[4] The Virginia Consumer Protection Act, Va. Code Ann. § 59.1-196 *et seq.*

[5] In his Complaint, Mr. Houff does not clearly articulate which claims run against which Defendants. (*See generally* ECF No. 1-1.) However, this Court concludes that Count I runs against both General RV and Tiffin; Count II runs against Tiffin; and Count III runs against both General RV and Tiffin. (*See* ECF No. 1-1, at 6–8.)

[6] Defendants attach as Exhibit 1 to the Motion the Purchase Agreement that contains the choice of law and forum-selection language. (ECF No. 5-1.) "[A] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion to dismiss into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (per curiam) (citations omitted).

4

On February 19, 2024, Mr. Houff filed his opposition to the Motion. (ECF No. 8.) Mr. Houff also requested a hearing for "an opportunity to be heard on his arguments against the dismissal or transfer of this case." (ECF No. 9, at 1.) On February 26, 2024, Defendants replied. (ECF No. 10.)

For the reasons articulated below, the Court will grant the Motion to Transfer. (ECF No. 5.) The Court will transfer the case in its entirety to the United States District Court for the Eastern District of Michigan, Southern Division.

## II. Legal Standard

### A. Transfer Under 28 U.S.C. § 1404(a)[7] Generally

"28 U.S.C. § 1404(a) provides that '[f]or the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.'" *Artech Info Sys., LLC v. ProTek Consulting*, No. PX-17-3468 (PX), 2018 WL 3575054, at *3 (D. Md. July 25, 2018) (quoting 28 U.S.C. § 1404(a)). Under Section 1404(a), "[d]istrict courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and[,] (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fun v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

---

[7] Section 1404(a) states:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

Although Defendants entitle the Motion as a Motion to Dismiss or, in the Alternative, Motion to Transfer, (ECF No. 5), the Motion does not present arguments related to dismissal but raises only arguments related to transfer. (*See generally* ECF No. 6.) Accordingly, the Court declines to evaluate or rule under a Rule 12(b)(2) or 12(b)(3) analysis and instead construes the Motion as purely a Motion to Transfer without any other purported basis for dismissal.

### B. <u>Effect of a Valid Forum-Selection Clause</u>

"[A] forum-selection clause may be enforced by a motion to transfer under [28 U.S.C.] § 1404(a) . . . . When a defendant files such a motion, . . . a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas ("Atl. Marine")*, 571 U.S. 49, 52 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case" to the agreed-upon forum. *Id.* at 62. "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* at 63. "First, the plaintiff's choice of forum merits no weight," and instead, "the plaintiff bears the burden of establishing why that transfer to the [agreed-upon] forum . . . is unwarranted." *Id.* Second, a district court should not consider the parties' private interests because the parties "waive[d] the right to challenge the preselected forum as inconvenient" by agreeing to the forum-selection clause. *Id.* at 64. Third, when a party files suit in a different forum than the agreed-upon forum, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.*

A federal court must apply federal law when interpreting a forum-selection clause because this "implicates what is recognized as a procedural matter governed by federal law—the proper venue of the court." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th

6

Cir. 2010). Forum-selection clauses are unenforceable only upon a clear showing "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

### C. Additional Parties Not Subject to a Forum-Selection Clause

In a case involving additional parties who are not subject to the forum-selection clause, the court must determine whether to "(1) transfer the entire case in its entirety, (2) leave the case in the current court, or (3) sever the claims and enforce the forum selection clause at issue." *Amazon.com, Inc. v. WDC Holdings LLC*, No. 1:20-cv-00484 (LO), 2021 WL 1823892, at *2 (E.D. Va. Feb. 1, 2021) (citing *Waterman v. Thor Motor Coach, Inc.*, No. 3:10-cv-890 (REP), 2020 WL 1290595, at *5 (E.D. Va. Mar. 18, 2020)). In selecting one of these three courses of action, the court must weigh four factors, commonly referred to as the "*Howmedica* factors."[8]

> (1) that in 'all but the most unusual cases' claims bound by the forum-selection clause should be litigated in the chosen forum; (2) the private and public interests of parties not bound by the forum-selection clause; (3) practical threshold issues of jurisdiction and severance[;] and[,] (4) judicial efficiency and 'any other public interests that weight against enforcing a forum-selection clause.'

*Waterman*, 2020 WL 1290595, at *3 (quoting *Artech Info Sys., LLC*, 2018 WL 3575054, at *3 (D. Md. July 25, 2018)) (applying the test set forth in *In re: Howmedica Osteonics Corp. ("Howmedica")*, 867 F.3d 390, 404–05 (3d Cir. 2017)).

Regarding factor (1), the court considers "the private interests of the parties who have signed a forum-selection agreement." *Id.* at *5.

---

[8] Although the United States Court of Appeals for the Fourth Circuit has not adopted the framework that the United States Court of Appeals for the Third Circuit articulated in *Howmedica*, district courts within the Fourth Circuit have done so. *See, e.g., McAuley*, 2023 WL 8881472, at *5 (E.D. Va. Dec. 22, 2023); *Waterman*, 2020 WL 1290595, at *3, *5–*8; *Artech Info. Sys.*, 2018 WL 3575054, at *3–*5; *see also Amazon.com, Inc.*, 2021 WL 1823892, at *2 ("Although this four-step framework was developed by the Third and Fifth Circuits, the Fourth Circuit has applied it without drastic change.").

7

With respect to factor (2), the private and public interests of parties not bound by the forum-selection clause, a court "will consider the private and public interests relevant to the non-contracting parties . . . in the same way as 'adjudicating a § 1404(a) transfer motion involving those parties in the absence of any forum-selection clauses.'" *McAuley v. FCA US LLC*, No. 3:23-CV-233 (HEH), --- F. Supp. 3d ---, 2023 WL 8881472, at *6 (E.D. Va. Dec. 22, 2023) (quoting *Howmedica*, 867 F.3d at 404). Such private interests include

> 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; [the] possibility of view of premises, if . . . appropriate . . . ; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.'

*Atl. Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interests to consider include

> the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws . . . ; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co.*, 454 U.S. at 241 n.6 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)).

As to factor (3), in a case that involves multiple defendants, the court need not necessarily transfer all defendants. *Waterman*, 2020 WL 1290595, at *6. Rather, "the Court must consider . . . the presence of indispensable parties and diversity jurisdiction, personal jurisdiction, venue, or jointer defects." *Id.* (citing *Howmedica*, 867 F.3d at 404–05).

Finally, in considering factor (4), the Court may consider "efficiency interests in avoiding duplicative litigation and any other private interests that may weight against enforcing a forum-selection clause." *Id.* at *7 (citations and internal quotation marks omitted).

8

### III. Analysis

The Court will transfer this case in its entirety because the Purchase Agreement at bar contains a valid and enforceable forum-selection clause and because the *Howmedica* factors weigh in favor of transferring the case in its entirety.

In seeking transfer, Defendants first correctly argue that the forum-selection clause is valid and enforceable because the clause is "broad and unambiguous" and "not obtained by fraud." (ECF No. 6, at 8.) Second, Defendants persuasively argue that the *Howmedica* factors support transferring the case in its entirety because Tiffin has consented to the transfer and the relevant public and private interests support a transfer. (ECF No. 6, at 9–12.)

In response, Mr. Houff raises two objections. First, he argues that the forum-selection clause is unenforceable because General RV fraudulently procured the contract by "represent[ing] during its sales presentation . . . that the RV was free of defects" when it knew otherwise. (ECF No. 8, at 3–6.) Second, Mr. Houff states unconvincingly that it would be substantively unreasonable for the Court to enforce the forum-selection clause and transfer the case to Michigan because: (1) the forum-selection clause was "affected by fraud" and "reflects unequal bargaining power;" (2) the case "has no connection to Michigan other than . . . that General [RV] is headquartered there"; and, (3) and it is "not unreasonable" to ask General [RV] to defend in Virginia against claims that arose from its actions in Virginia. (ECF No. 8, at 6–8.)

The Court concludes otherwise. The Court's transfer analysis proceeds in two parts. First, the Court assesses the enforceability of the forum-selection clause between Mr. Houff and General RV. Because Mr. Houff did not allege with particularity the fraudulent procurement or substantive unreasonableness of the forum-selection clause, and because Mr. Houff cannot seek to enforce the entire purchase agreement while asserting that one portion is void due to

9

fraudulent inducement, the forum-selection clause between Mr. Houff and General RV is valid and enforceable. Transfer, therefore, is appropriate with respect to the claims against General RV.

Second, the Court applies the *Howmedica* factors to the claims against Tiffin, who was not a party to the forum-selection clause, to determine whether to sever the claims against Tiffin and retain them in this Court or transfer the case in its entirety to the Easter District of Michigan. The *Howmedica* factors weigh in favor of transferring the case in its entirety so the Court declines to sever the case and will transfer the entire case to the Eastern District of Michigan.

### A. The Forum-Selection Clause Between Mr. Houff and General RV is Valid and Enforceable

Mr. Houff argues that the Court should not transfer this matter because the forum-selection clause between Mr. Houff and General RV is not enforceable. (ECF No. 8, at 3.) According to Mr. Houff, the contract was procured by fraud and is therefore invalid because "the Defendants were aware of the defects in the RV prior to the sale," but represented to Mr. Houff that the RV was free of defects. (ECF No. 8, at 2, 5.) Defendants assert that Mr. Houff does not allege his fraud claims with sufficient particularity regarding the forum-selection clause and observe that Mr. Houff's Complaint asks the "[C]ourt to enforce the very agreement that he claims was procured by fraud." (ECF No. 10, at 3–4.) For the reasons stated below, the Court finds otherwise.

#### 1. Mr. Houff Fails to Establish Fraudulent Inducement of the Forum-Selection Clause

A forum-selection clause induced by fraud may be set aside. *Albemarle Corp.*, 628 F.3d at 651. To establish the unenforceability of a forum-selection provision due to fraud, Mr. Houff must present "more than conclusory allegations" of fraud that relate specifically to the forum-

10

selection clause and not to the contract as a whole. *See Zaklit v. Glob. Linguist Sols. LLC*, No. 1:14-cv-314 (JCC/JFA), 2014 WL 3109804, at *7–8 (E.D. Va. July 8, 2014). Mr. Houff must meet "a heavy burden" of proof to successfully claim invalidity of a forum-selection clause by means of fraud. *See Zaklit*, 2014 WL 3109804, at *8 (citation and internal quotation marks omitted). Mr. Houff, however, challenges the *entire contract* as fraudulent, not just the forum-selection clause. And he makes no showing, much less a "strong showing," that it would be unreasonable to enforce the forum-selection clause here. *See M/S Bremen*, 407 U.S. at 10, 15 (forum-selection clauses are "prima facie valid" and should control absent a "strong showing" that they should be set aside). Thus, he cannot prevail.[9]

> 2. **Negating a Finding of Fraudulent Inducement of the Clause Itself, Mr. Houff Acknowledged the Forum-Selection Clause When Signing the Purchase Agreement, and He Fails to Establish the Unreasonableness Enforcing It**

By acknowledging the forum-selection clause in writing when he signed the Purchase Agreement—to the extent he would try—Mr. Houff cannot now assert that the forum-selection itself was fraudulently induced. The Purchase Agreement stated—directly above the signature line and on the additional terms page—that Michigan law applied. (ECF No. 6-1, at 1.) Mr. Houff initialed next to every item on the Transactional Acknowledgement and Communication Consent Form, including next to the section declaring that Mr. Houff "was presented with a fully completed Purchase Agreement and its terms and contents were explained to [him]" and next to

---

[9] Furthermore, plaintiffs are "estopped from seeking to enforce the contract while at the same time asserting that it was procured by fraud." *Torres v. SOH Distribution Co.*, No. 3:10-cv-179 (JRS), 2010 WL 1959248, at *4 (E.D. Va. May 13, 2010). In Count I, Mr. Houff brings a breach-of-contract claim against Defendants. (ECF No. 1, at 6.) Thus, Mr. Houff seeks to enforce the very contract that he simultaneously claims was fraudulently induced. Mr. Houff cannot assert that the contract was induced by fraud on the one hand and claim breach of said contract on the other. *See Torres*, 2010 WL 1959248, at *4.

11

the section stating that Mr. Houff "understand[s] the terms and conditions of the Purchase Agreement . . . ." (ECF No. 6-2, at 1.) Absent evidence or claims that demonstrate otherwise, the record makes plain that Mr. Houff was aware of the forum-selection clause "as evidenced by [his] signature[]" and initials. *See Zaklit*, 2014 WL 3109804, at *8. Mr. Houff offers no such evidence. Mr. Houff, therefore, fails to meet the high burden to render the forum-selection clause unenforceable. *See id.* (plaintiffs failed to show that a choice-of-law provision was invalid where their general "assertions of overreaching and duress relate[d]" to the contract in general and "not the specific choice-of-law provision"); *see also Run Them Sweet, LLC v. CPA Glob. Ltd.*, 224 F. Supp. 3d 462, 466 n.2 (E.D. Va. 2016) (same).

It appears, however, that Mr. Houff seeks to invalidate the forum-selection clause because the *entire contract* was fraudulently induced. The law requires him to speak to the clause itself. He does not. His approach falls well short of meeting the "heavy burden" of proof to successfully claim invalidity of a forum-selection clause by means of fraud. *See Zaklit*, 2014 WL 3109804, at *8 (citation and internal quotation marks omitted). Absent any proof that General RV affirmatively misled him regarding the legal effect or existence of the forum-selection clause, Mr. Houff cannot prevail. (*See* ECF No. 10, at 4.)

Mr. Houff also does not make any showing, much less a "strong showing," of the unreasonableness of enforcing the forum-selection clause under the circumstances. *See M/S Bremen*, 407 U.S. at 10, 15 (forum-selection clauses are "prima facie valid" and should control absent a "strong showing" that they should be set aside). Mr. Houff does not say what would be unreasonable about enforcing the forum-selection clause other than the inconvenience to Mr. Houff and that the case has no connection to Michigan "other than the fact that General [RV] is headquartered there." (ECF No. 8, at 7.) These are precisely the arguments that the United

12

States Supreme Court directed lower courts to ignore: "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *See Atl. Marine*, 571 U.S. at 64.

In sum, Mr. Houff's arguments fail for three reasons. Mr. Houff did not allege with particularity that the forum-selection clause was (1) procured by fraud or (2) is substantively unreasonable, and (3) Mr. Houff cannot seek to enforce the entire purchase agreement on the one hand while disclaiming a portion of it as fraudulently induced on the other. For these reasons, the Court concludes that the forum-selection clause is valid and enforceable between Mr. Houff and General RV. Accordingly, the Court will transfer the claims against General RV (Counts I and III), (ECF No. 1-1, at 6–8), to the Eastern District of Michigan, Southern Division.

### B. The *Howmedica* Factors Weigh in Favor of Transferring the Case in its Entirety

Next, the Court evaluates whether to sever the claims not bound by the forum-selection clause or to transfer the case in its entirety to the Eastern District of Michigan, Southern Division. When considering a motion to transfer in a matter where at least one party is not a party to the forum-selection clause at issue, the Court should consider:

> (1) that in 'all but the most unusual cases' claims bound by the forum-selection clause should be litigated in the chosen forum; (2) the private and public interests of parties not bound by the forum-selection clause; (3) practical threshold issues of jurisdiction and severance[;] and[,] (4) judicial efficiency and 'any other public interests that weight against enforcing a forum-selection clause.'

*Waterman*, 2020 WL 1290595, at *3 (applying the *Howmedica* test). On balance, these factors counsel transferring the entire case to the Eastern District of Michigan for the reasons discussed below.

The first factor presumes that claims bound by the forum-selection clause will be litigated in the chosen forum. General RV and Mr. Houff agreed to a valid and enforceable forum-

13

selection clause. Therefore, Mr. Houff must litigate his claims against General RV in the agreed-upon forum. Although this case involves another party, Tiffin, that was not a party to and is not bound by the forum-selection clause, this run-of-the-mill situation falls far short of qualifying as one of the "most unusual cases" that would militate against transfer. *See id.* at *3 (citation and internal quotation marks omitted). Thus, the first *Howmedica* factor weighs in favor of transfer.

The second factor concerns the private and public interests of parties not bound by the forum-selection clause. As to the private interests of parties not bound, Tiffin's interests plainly would not be prejudiced by transferring the entire case to Michigan. Tiffin consents to transfer. *See id.* at *6 (finding "no reason to believe that [the non-party to the forum-selection clause's] private interests would be unduly prejudiced by transfer[]" where that party "consented to transferring the action"). In contrast, it would be "far easier and less expensive for [Mr. Houff] to litigate the case [against Tiffin] in Virginia"[10], because although some evidence may exist in Michigan where the RV was manufactured, most witnesses, sources of proof, and other relevant information are in Virginia. The private interests of parties not bound weigh slightly against transfer. *See id.* at *6; *see also Artech Info. Sys.*, 2018 WL 3575054, at *3.

Turning to the public interests of parties not bound, the sale of a Michigan-manufactured RV to a consumer in Virginia is not a "localized controvers[y]." *See Piper Aircraft Co.*, 454 U.S. at 241 n.6 (citation and internal quotation marks omitted). Virginia and Michigan share an interest in protecting consumers from unlawful conduct. *See McAuley*, 2023 WL 8881472, at *6. Virginia law will govern claims against Tiffin because Tiffin was not a party to the choice of law

---

[10] In this analysis, the Court may consider the private interests of Mr. Houff with respect to his claims against Tiffin because no forum-selection clause between Mr. Houff and Tiffin exists. *See McAuley*, 2023 WL 8881472, at *6. However, the Court may not consider Mr. Houff's interests with respect to the claims against General RV, which are bound by the forum-selection clause as discussed in Part III.A, *supra*.

provision, and Michigan courts will be less familiar with Virginia law than a Virginia court would be. *See id.*, at *5 (considering plaintiff's private interests with respect to his claims against the party who was not party to the forum-selection clause) (asserting that because "there is no forum selection clause between Plaintiff and [Defendant], Virginia law would continue to apply to this claim if the case is transferred"); *see Artech Info Sys.*, 2018 WL 3575054, at *3. At the same time, Michigan law will govern the claims against General RV, and Michigan courts will be more familiar with Michigan law than a Virginia court would be. *See McAuley*, 2023 WL 8881472, at *6. In all, given the significant prejudice Mr. Houff will face in his claims against Tiffin and the neutrality of the public interests of parties not bound, this second factor weighs against transferring those claims to Michigan.

When, as here, the first two factors "point in different ways," the Court turns to the third factor, weighing jurisdiction and severance concerns. *See Artech Info. Sys.*, 2018 WL 3575054, at *4 (quoting *Howmedica*, 867 F.3d at 404–05) (internal quotation marks omitted). Regarding the third factor, no jurisdictional obstacles to transferring the entire case to the Eastern District of Michigan appear to exist. General RV is headquartered in Michigan, General RV and Mr. Houff signed the forum-selection clause providing Michigan as the forum, and Tiffin consented to transferring the case to Michigan. (ECF No. 6, at 1–2.) That said, Tiffin has not contested that the Eastern District of Virginia has personal jurisdiction over it. "Thus, because 'more than one outcome satisfies the threshold severance constraints,' the Court must proceed to step four." *See McAuley*, 2023 WL 8881472, at *6 (quoting *Howmedica*, 867 F.3d at 404).

Here, "'severance is neither clearly warranted nor clearly disallowed,' [so] the issue is 'committed to the court's discretion,' and the Court proceeds to the fourth step." *See Artech Info. Sys.*, 2018 WL 3575054, at *4 (quoting *Howmedica*, 867 F.3d at 405). The fourth factor

15

weighs the indicia of efficiency and any other public interests. Here, efficiency and the need to avoid duplicative litigation support transferring this case in its entirety to the Eastern District of Michigan. Like the *Waterman* court, this Court considers it ill-advised for "the same issues to be litigated in two differen[t] places" because such bifurcation would "amount to a waste of judicial resources." *See* 2020 WL 1290595, at *8 (quoting *Flexible Techs. v. Sharkninja Operating L.L.C.*, No. 8:17-cv-117, 2018 WL 1175043, at *7 (D.S.C. Feb. 14, 2018)); *see also McAuley*, 2023 WL 8881472, at *7 (observing that "efficiency interests weigh heavily in favor of transferring the case" where "[p]laintiff's claims against both [defendants] involve identical facts"). More fundamentally, avoidance of "inconsistent factual findings" when parts of the same case are tried in different fora serves judicial efficiency and the interest of justice. *See Waterman*, 2020 WL 1290595, at *8; *see also McAuley*, 2023 8881471, at *7.

Applying the four *Howmedica* factors to the claims between Mr. Houff and Tiffin, the Court concludes that transfer of this case in its entirety to the Eastern District of Michigan, Southern Division, should commence.

### IV.  Conclusion

The Court will enforce the valid forum-selection clause between Mr. Houff and General RV. The Court declines to sever the case and will transfer the case in its entirety to the Eastern District of Michigan. The *Howmedica* factors—particularly the existence of a valid forum-selection clause, non-party Tiffin's consent to the transfer, concerns that severance would be both impractical and inefficient, and avoidance of inconsistent findings—support transfer of the entire case to the Eastern District of Michigan, Southern Division.

For the reasons articulated above, the Court will grant Defendant Tiffin Motorhomes, Inc. and General R.V. Center, Inc.'s Motion to Transfer. (ECF No. 5.)

An appropriate Order shall issue.

Date: 06/07/2024
Richmond, Virginia

/s/ 
M. Hannah Lauck
United States District Judge